UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALICIA A. HOVER,

                            **Plaintiff,**
      **-v-**                                                                        **3:17-CV-895**

**NEW YORK STATE OFFICE FOR PEOPLE
WITH DEVELOPMENTAL DISABILITIES,**

                            **Defendant.**
_____

**THOMAS J. McAVOY,
Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

Plaintiff Alicia A. Hover commenced this action *pro se*, asserting that Defendant New York State Office for People with Developmental Disabilities ("OPWDD") subjected her to discrimination on the basis of her neurological disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA"). *See* Dkt. # 1, p. 1. In response, Defendant filed a motion to dismiss arguing, *inter alia*, that Plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution. Dkt. # 16. Plaintiff submitted a response to the motion. Dkt. # 20. Defendant has not submitted a reply. For the reasons that follow, Defendant's motion is **GRANTED**.

**II.    STANDARD OF REVIEW**

A case is to be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) when the district court lacks the statutory or constitutional power to

adjudicate it. *Makarova v. United States*, 201 F. 3d 110, 113 (2d Cir. 2000). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *N.Y. by Schneiderman v. Utica City Sch. Dist.*, 177 F. Supp.3d 739, 746 (N.D.N.Y. 2016)(quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)). "In determining the existence of subject matter jurisdiction, a district court may consider evidence outside the pleadings." *Id.* (quoting *Saleh v. Holder*, 84 F. Supp.3d 135, 137–38 (E.D.N.Y. 2014)).

When analyzing motions to dismiss *pro se* complaints, the courts must "construe [such] pleadings broadly, and interpret them to 'raise the strongest arguments they suggest.'" *Cruz v. Gomez*, 202 F.2d 593, 597 (2d Cir. 2000) (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d. Cir. 1996)). Yet, the Court "cannot read into *pro se* submissions claims that are not consistent with the *pro se* litigant's allegations, or arguments that the submissions themselves do not suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)(internal quotation marks and citations omitted).

### III. DISCUSSION

#### a. The ADA and the Eleventh Amendment

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or Equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "A State is thus immune from suits in federal court brought by its own citizens and such immunity extends to officers acting on behalf of the State." *Winokur v. Office of Court Admin.*, 190 F. Supp.2d 444, 448 (E.D.N.Y. 2002)

(internal citations omitted).  Eleventh Amendment immunity "extends beyond states themselves to state agents and state instrumentalities that are, effectively, arms of the state." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2006)(citing *Woods v. Roundout Valley Central School Dist. Bd of Educ.*, 466 F.3d 232 (2d Cir. 2006)).  There can be no dispute that OPWDD is an agency and arm of the State of New York and, therefore, entitled to New York's Eleventh Amendment immunity. *See Hamzik v. Office for People with Developmental Disabilities*, 859 F. Supp. 2d 265, 275 (N.D.N.Y. 2012).

"Eleventh Amendment immunity precludes a plaintiff from seeking any relief against states and state agencies — including monetary and injunctive relief." *Id.* (citing *Cory v. White*, 457 U.S. 85, 90–91, 102 S. Ct. 2325, 2329, 72 L. Ed.2d 694 (1982)).  There are only three narrow exceptions to this rule: (1) the state waives its immunity by consenting to suit in federal court; (2) Congress enacts legislation specifically abrogating sovereign immunity; and (3) Plaintiff sues a state official acting in his or her official capacity for prospective injunctive relief from on-going violations of federal law (known as the "*Ex parte Young* exception").  *See Deadwiley v. New York State Office of Children & Family Servs.*, 97 F. Supp. 3d 110, 115 (E.D.N.Y. 2015); *see also Ex parte Young*, 209 U.S. 123, 159–60, 28 S. Ct. 441, 453–54, 52 L. Ed. 714 (1908).  None of these exceptions apply.

New York has not waived its immunity or consented to being sued under the ADA. *See Nicolae v. Office of Vocational & Educ. Servs. for Individuals with Disabilities*, 257 F. App'x 455, 457 (2d Cir. 2007).  Moreover, the Supreme Court has held that Title I of the ADA is not a valid abrogation of the States' sovereign immunity and thus the Eleventh

Amendment bars claims brought under Title I against states or state agencies. *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 368–74 (2001).

The *Ex parte Young* exception does not apply for two reasons. First, Plaintiff's prayer for relief is ambiguous, asserting only that she "requests that this Court grant the following relief: the loss of my job and benefits, the loss of my retirement funds." Compl. at p. 8, ¶ 7. When interpreting this demand for relief to raise the strongest argument it suggests, it is possible that Plaintiff seeks reinstatement to her employment position. Indeed, Defendant comes to this conclusion. *See* Def. Mem. L. p. 4 ("Plaintiff seeks reinstatement of her employment."). Should the Court adopt Defendant's interpretation, the "prospective, injunctive relief" element of the *Ex parte Young* exception would appear to be met. *See State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 96 (2d Cir. 2007)("Every Circuit to have considered the issue, including our own, has held that claims for reinstatement to previous employment satisfy the *Ex parte Young* exception to the Eleventh Amendment's sovereign immunity bar."). However, in her response to Defendant's motion, Plaintiff expressly disavows that she is seeking reinstatement. *See* Pl. Resp., p. 1 ("I am not looking to be offered my position back."); *see also Cusamano v. Sobek*, 604 F. Supp. 2d 416, 461 (N.D.N.Y. 2009)("[T]he mandate to read the papers of *pro se* litigants generously makes it appropriate to consider a plaintiff's papers in opposition to a defendant's motion to dismiss as effectively amending the allegations of the plaintiff's complaint, to the extent that those factual assertions are consistent with the allegations of the plaintiff's complaint.")(citation omitted). Accepting Plaintiff's statement that she is not seeking reinstatement, a valid claim under *Rowland* is not stated.

Second, Plaintiff has not sued a specific state official in his or her official capacity, a necessary requirement under the *Ex parte Young* exception. *See Palmer v. New York State Office of Court Admin.*, 526 Fed. Appx. 97, 98 (2d Cir. 2013)(Affirming summary judgment in favor of the New York State Office of Court Administration when a former employee filed a discrimination claim but failed to "name a state official acting in his or her official capacity as a defendant, in order to . . . avail herself of the *Ex parte Young* exception."); *Santiago v. New York State Dep't of Corr. Servs*., 945 F.2d 25, 32 (2d Cir. 1991) (dismissing the plaintiff's claim for an injunction against DOCS because "it does not follow the requirement, established in *Ex Parte Young*, that a plaintiff seeking prospective relief from the state must name as defendant a state official rather than the state or a state agency directly....").

For the reasons discussed here, Plaintiff's ADA claim is dismissed as barred by the Eleventh Amendment.[1]

### b. The New York State Human Rights Law and the Eleventh Amendment

To the extent the Complaint could be construed as alleging a claim against OPWDD under the New York State Human Rights Law ("NYSHRL"), the claim is dismissed because it is also barred by the Eleventh Amendment. *See Deadwiley*, 97 F. Supp. 3d at 116 (dismissing plaintiff's NYSHRL claim as barred by the Eleventh Amendment, noting that New York has not waived its Eleventh Amendment immunity for NYSHRL suits in federal court; the court was unaware of any law suggesting Congress abrogated New York's

---

[1] Because the Court dismisses the ADA claim for lack of subject matter jurisdiction, the Court need not reach the merits of Defendant's alternative argument that the Complaint fails to allege a plausible ADA claim. *See Lance v. Coffman*, 549 U.S. 437, 439 (2007) ("Federal courts must determine that they have jurisdiction before proceeding to the merits."); *Singh v. United States Citizenship & Immigration Servs.*, 878 F.3d 441, 445 (2d Cir. 2017) (a federal court should ordinarily resolve any doubts about the existence of subject matter jurisdiction prior to considering the merits of a complaint).

immunity with respect to the NYSHRL; and that "it is well settled" that the Eleventh Amendment bars adjudication of pendent state law claims against nonconsenting state defendants in federal court); *Jackson v. Battaglia*, 63 F. Supp. 3d 214, 220 (N.D.N.Y. 2014)(dismissing plaintiff's NYSDHRL claims under the Eleventh Amendment).

### c. Leave to Amend

Plaintiff has not sought leave to amend her complaint. However, the Second Circuit has instructed that "a district court should not dismiss a *pro se* complaint 'without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). "Of course, an opportunity to amend is not required where the problem with plaintiff's causes of action is substantive such that better pleading will not cure it." *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 462 (N.D.N.Y. 2009)(citing *Cuoco*, 222 F.3d at 112 and *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir.1991))(interior quotation marks and brackets omitted).

Because Plaintiff's claims for monetary relief are barred by the Eleventh Amendment, and because Plaintiff indicates that she is not seeking prospective injunctive relief in the form of reinstatement, it would be futile to allow repleading. Without seeking reinstatement, any re-pled claim would fail under the *Ex parte Young* exception and, consequently, be barred by the Eleventh Amendment.

### IV.   CONCLUSION

For the reasons discussed above, it is hereby

**ORDERED** that OPWDD's motion to dismiss this action (Dkt. # 16) is **GRANTED**. The Complaint (Dkt. No. 1) is **DISMISSED for lack of subject matter jurisdiction.**

6

The Clerk of the Court may close the file in this case.

**IT IS SO ORDERED.**

Dated: June 18, 2018

Thomas J. McAvoy
Senior, U.S. District Judge